NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 18, 2014[*]
Decided August 19, 2014

**Before**

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 14-1714

| | |
|---|---|
| ANDREW U. D. STRAW,<br>    *Plaintiff–Appellant,*<br><br>    *v.*<br><br>JOHN F. KLOECKER and<br>LOCKE LORD LLP,<br>    *Defendants–Appellees.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 14-C-1420<br><br>Milton I. Shadur,<br>*Judge.* |

**O R D E R**

Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007, 42 U.S.C. § 1395y(b)(8), requires that liability insurers and plans electronically report to Medicare "the details of settlements, judgments, awards, or other payments to Medicare recipients." Jeremy Edelson, *A Beginner's Guide to the MMSEA*, AmericanBar.org, http://www.americanbar.org/content/newsletter/groups/labor_law/err_ezine/2013/

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

sum2013/mmsea.html (last visited Aug. 7, 2014). This reporting requirement is aimed at reducing the risk that Medicare will be charged for services reimbursed from other sources. *See Mandatory Insurer Reporting (NGHP)*, CMS.GOV, http://www.cms.gov/ Medicare/Coordination-of-Benefits-and-Recovery/Mandatory-Insurer-Reporting-For-Non-Group-Health-Plans/Overview.html (last modified July 10, 2014). Failure of an insurer or plan to report the information of an eligible claimant can result in daily $1,000 fines. 42 U.S.C. § 1395y(b)(8)(E)(i). Relying on section 111, an attorney at Locke Lord LLP sent a letter and e-mail to Andrew Straw describing the reporting requirement under section 111 and asking Straw to provide the firm information, including his Social Security or Medicare number. Straw responded by suing Locke Lord and the attorney claiming racketeering violations. *See* 18 U.S.C. § 1964.

Straw, an attorney, is licensed to practice in Indiana and Virginia but lives in a Chicago suburb. He has a pending lawsuit in the Circuit Court of Cook County against Paddock Publications, Inc., which Locke Lord represents. That state lawsuit derives from letters that Straw, who is eligible for Medicare because of a disability, had sent to area businesses demanding $5,000 because they lacked handicapped parking spaces. A newspaper owned by Paddock Publications reported Straw's actions, and some readers, who characterized his actions as extortionate, posted negative comments about him on the newspaper's website. Straw then sued the newspaper for defamation. The lawsuit prompted Locke Lord to send the letter requesting Straw's information.

In his federal complaint Straw claims that Locke Lord is an enterprise that engaged in mail- and wire fraud, *see* 18 U.S.C. §§ 1341, 1343, by sending the letter and e-mail that, he says, threatened to charge *him* $1,000 per day if he did not disclose private, personal information. He seeks $15 million, three times the amount demanded in his ongoing state lawsuit.

The district court concluded that Straw's racketeering claim is frivolous and that the letter he received from Locke Lord was "a legitimate inquiry" concerning the state lawsuit. Opining that Straw misconceives how civil RICO works and is attempting to "bootstrap" the firm's letter into a criminal violation, the court dismissed the federal suit and denied Straw's motion to reconsider.

Straw lists 16 issues for our review, but he elaborates on none of them. Instead, he simply repeats the allegations from his complaint and accuses the district court of abusing its discretion. Whether Locke Lord or its client had a reporting obligation under section 111, and if so whether the firm's letter to Straw was an appropriate means of

requesting relevant information, are questions irrelevant to our decision. *Cf.* Katrina J. Valencia, *What is MMSEA Section 111 and How Does it Affect Me, My Practice, and My Clients?*, DEPO.COM, http://www.depo.com/E-letters/TheDiscoveryUpdate/2010/ February/Articles/mmsea.html (last visited Aug. 7, 2014) (advising defense counsel to prepare, immediately after receiving a complaint, a letter explaining the reporting requirements). We agree with the district court that Straw's lawsuit under RICO is frivolous, as is this appeal. Accordingly, we AFFIRM the judgment and order Straw to SHOW CAUSE within 30 days why he should not be sanctioned under FED. R. APP. P. 38 for taking this appeal. We also DENY Straw's motion to disqualify Miller, Shakman & Beem LLP as attorneys for the appellees in this case.